1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC L. DANIELS,<br><br>        Plaintiff,<br><br>    vs.<br><br>B. SAVAGE, et al.,<br><br>        Defendants. | 1:14-cv-01478-EPG-PC<br><br><u>SCREENING ORDER</u><br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, WITH LEAVE TO AMEND<br>(ECF No. 1.)<br><br>THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

22    **I.      BACKGROUND**

23         Cedric L. Daniels ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

24    *pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On September 22, 2014,

25    Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  Plaintiff's Complaint tells

26    of how he was injured by stepping in a sprinkler hole covered by grass after being ordered to

27    clear the area quickly.  He also claims that a prison nurse did not give him enough pain

28    medication for the week after the injury, and that the prison denied his request for a lower bunk

for the month after the injury.  For the reasons described in this order, the Court dismisses the Complaint in full for failure to state a claim.

On October 3, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

Plaintiff's Complaint is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

///

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.   SUMMARY OF COMPLAINT

The events at issue in the Complaint allegedly occurred at Corcoran State Prison (CSP) in Corcoran, California, where Plaintiff is presently incarcerated. Plaintiff names as defendants B. Savage (RN), Dr. Khin Aye, Doe Defendant (A-Yard tower worker), and Warden D. Davey (collectively "Defendants"). Defendants were all employed by the California Department of Corrections and Rehabilitation (CDCR) at CSP at the time of the events at issue. Plaintiff's factual allegations follow.

On May 16, 2013, while walking the track on 3-A Yard, an announcement was made over the tower's loud speaker ordering all inmates to clear the track immediately. Plaintiff tried to hurry around but was directly commanded by the tower officer to "take it out to the middle of the field now!" (Complaint at 3 ¶IV.) Failure to comply quickly to such orders will result in a CDCR 115 write up. Plaintiff headed to the center of the field but stepped into a sprinkler hole that was concealed by overgrown grass making it impossible for Plaintiff to see. Plaintiff seriously injured his right ankle and limped over to the medical office to receive treatment.

Defendant Nurse Savage instantly noticed bruising and severe swelling spreading around Plaintiff's right foot and up his leg, so she ordered x-rays. After the x-rays, Nurse Savage claimed there were no breaks in Plaintiff's foot or ankle, so Plaintiff was denied pain medication and was only given over-the-counter Ibuprofen for inflammation. Plaintiff was also issued crutches. Plaintiff requested a lower bunk chrono so he would not need to climb up on the top bunk, and a medical bed rest chrono so he would not need to report to work or limp to the other side of the yard twice a day for meals, considering he could not put any weight on his right foot, and walking with the crutches made his foot hurt more. Even though Plaintiff explained this, Nurse Savage denied the chronos. Plaintiff again asked for pain medication and Nurse Savage said that only a doctor can prescribe the medication needed, and there was no

doctor on the yard, so Plaintiff would have to deal with the pain until a doctor came, which was about once or twice a week.  Plaintiff asserts that Nurse Savage lied when she said she couldn't do anything else to relieve his pain, because a week later she managed to quickly obtain a pain medication prescription for him.

Over the next couple of days, Plaintiff's injury worsened and the pain was such that he could not make it to the dining hall for meals.  On May 10, 2013, Plaintiff put in another nurse line request stating he was not getting better and had not heard from them for a follow up, as he had been promised.  On May 13, 2013, Plaintiff was seen again by Nurse Savage.  As soon as she saw his ankle, she noticed the increased swelling and bruising around Plaintiff's leg and foot, raising concerns about the condition of his injury.  She ordered more x-rays because she felt his symptoms were more consistent with a break or fracture.  She also called a doctor at the main hospital to request a pain reliever, and the doctor prescribed Tylenol with Codeine twice a day for two weeks.  Plaintiff was informed he would have x-rays the following day.  Plaintiff again asked for a bed rest order and a lower bunk chrono, in light of his lack of mobility and pain, but Nurse Savage again denied his requests.

On May 16, 2013, Plaintiff went to return the crutches and was called to the medical office to see a doctor.  Dr. Khin Aye inspected Plaintiff's ankle and concluded Plaintiff needed to keep the crutches for at least two more weeks.  Plaintiff again requested a bed rest order and a lower bunk chrono, but Dr. Khin Aye cut him off and told him he probably does need the chronos, but CSP doesn't have enough lower bunks available to accommodate every inmate needing one, if they all were to ask, so "No."  (Complaint at 5.)  Plaintiff responded that he understood, but there were at least two cells in his housing unit that he knew about, where neither inmate in the cell had a lower bunk chrono.  There were bunks that Plaintiff could be moved to, but instead defendant Dr. Aye denied Plaintiff's request to deter other inmates from requesting the chrono even if they needed it.  Dr. Aye knew Plaintiff felt Dr. Aye was wrong and that he was going to file a grievance.  He told Plaintiff to go ahead and write it up, that he didn't care what Plaintiff did.  Then Dr. Aye told Plaintiff the appointment was over.

///

Plaintiff filed an inmate appeal, and on or about June 11, 2013, he was approached by a correctional officer who informed Plaintiff that he had to move cells because the computer showed he had a chrono for a lower tier lower bunk.  Plaintiff asked when the chrono was issued and was told on May 26, 2013, effective until July 8, 2013.  Plaintiff asked why he was not told about the chrono before, and the officer said he did not know, but that he had been instructed to review the bed charts and medical chronos because an audit was coming up.  Plaintiff alleges that the staff notified of his chrono ignored the information for weeks at the expense of his pain and discomfort.

Plaintiff requests monetary damages and injunctive relief.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" <u>Preschooler II v. Clark Cnty. Sch. Bd. of Trs.</u>, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." <u>Preschooler II</u>, 479 F.3d at 1183 (quoting <u>Johnson</u>, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." <u>Arnold v. Int'l Bus. Mach. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981); <u>see</u> <u>also</u> <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.   <u>Eleventh Amendment Immunity – Corcoran State Prison</u>

Plaintiff seeks to hold Corcoran State Prison liable for failing to protect him, in violation of the Eighth Amendment.  "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." <u>Brooks v. Sulphur Springs Valley Elec. Co.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991); <u>see</u> <u>also</u> <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44, 54, 116 S.Ct. 1114 (1996); <u>Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 144, 113 S.Ct. 684 (1993); <u>Tennessee v. Lane</u>, 541 U.S. 509, 517, 124 S.Ct. 1978 (2004).  The Eleventh Amendment also bars suits against a state's agencies.  <u>See</u> <u>Puerto Rico Aqueduct</u>, 506 U.S. at 144; <u>Brooks</u>, 951 F.2d at 1053; <u>Mitchell v. Los Angeles Community College Dist.</u>, 861 F.2d 198, 201 (9th Cir. 1989); <u>Beentjes v. Placer Cnty. Air Pollution Control Dist.</u>, 397 F.3d 775, 777 (9th Cir. 2005).  In addition, California prisons are entitled to Eleventh Amendment immunity.  <u>Lopez v. Wasco State Prison</u>, 2008 WL 5381696, at *4 (E.D. Cal. Dec. 22, 2008) (citing <u>Keel v. California Dept. of Corrections and Rehabilation</u>, 2006 WL 1523121, at *2 (E.D. Cal. 2006)).  Thus, defendant Corcoran State Prison is entitled to Eleventh Amendment immunity and must be dismissed from this action.

### B.   <u>Supervisory Liability – Warden Davey</u>

Plaintiff has named defendant D. Davey (Warden), who holds a supervisory position. Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of . .

. subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no *respondeat superior* liability under [§] 1983."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).  Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).  Therefore, to the extent that Plaintiff seeks to impose liability upon any of the defendants in their supervisory capacity, Plaintiff fails to state a claim.

### C.     Failure to Protect -- Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety."  Farmer, at 834.  The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result."  Id. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware."  Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Id. at 834.  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial

///

evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. <u>Farmer</u>, 511 U.S. at 842; <u>Wallis v. Baldwin</u>, 70 F.3d 1074, 1077 (9th Cir. 1995).

"Deliberate indifference is a high legal standard."  <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  <u>Id</u>. at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  <u>Id</u>. (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that an unnamed Doe Defendant (A-Yard tower worker) commanded Plaintiff to go to the middle of the field, which led to him stepping on a concealed sprinkler hole and injuring his ankle.  However, Plaintiff has not alleged facts sufficient to support a claim that the Doe Defendant acted with deliberate indifference to a substantial risk of serious harm to Plaintiff.  Plaintiff has not alleged facts showing that the Doe Defendant was aware there was a concealed sprinkler hole that would risk serious harm to Plaintiff if he walked across the grassy area.  Nor do Plaintiff's allegations indicate any deliberate disregard of Plaintiff's safety by telling Plaintiff to cross the field.  Therefore, Plaintiff fails to state a claim against the unnamed Doe Defendant (A-yard tower worker) for failure to protect Plaintiff under the Eighth Amendment.[1]

**D.     <u>Medical Claim – Eighth Amendment</u>**

Plaintiff also claims that Ms. B. Savage and Dr. Aye violated his Eighth Amendment rights by failing to provide adequate medical care and accommodations.  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate

---

[1] Further, Plaintiff is advised that unnamed, or "John Doe" defendants must be named or otherwise identified before service can go forward.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980).  John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has sufficiently identified them to enable service of process and amended his complaint to substitute names for John Doe or Jane Doe.  But, as the Court is dismissing the Complaint based on the allegations against the unknown individual, the issue of identification and service is not relevant to the Court's analysis at this time.

indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.   Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

As discussed above, "[d]eliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060.  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id.  "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

///

Plaintiff alleges that defendants RN B. Savage and Dr. Khin Aye failed to provide him with adequate medical care, and the staff at CSP interfered with his care.  Taking the allegations in the Complaint as true, it appears this lack of medical care and accommodations amounts to (1) receiving over the counter Ibuprofen rather than Tylenol with Codeine for seven days; and (2) failing to provide a lower bunk for one month and five days.  Notably, both the pain medication and lower bunk accommodation were eventually provided.  The question is whether these temporary deprivations constituted cruel and unusual punishment under the Eighth Amendment.

This Court finds that the alleged deprivations of stronger pain medication and lower bunks for a limited period are not sufficiently serious to give rise to a constitutional violation. While Plaintiff alleges a serious injury from his fall, that injury did not stem from his lack of medical care or bunk accommodations.  See Farmer, 511 U.S. at 834 ("a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'").

Moreover, regarding Ms. Savage, Plaintiff alleges that Savage provided Plaintiff with Ibuprofen for his pain after examining Plaintiff's bruised and swollen ankle and taking x-rays which showed that the ankle was not broken.  A few days later, when Plaintiff presented with more extensive bruising and swelling of his ankle, Savage called a doctor at the main hospital to request a prescription pain reliever for Plaintiff.  Plaintiff has not alleged facts indicating that Savage chose this course in conscious disregard of an excessive risk to Plaintiff's health.  At most, Plaintiff states a claim for negligence or medical malpractice, which is insufficient to state a constitutional violation under the Eighth Amendment.  Toguchi, 391 F.3d at 1060.

Additionally, Plaintiff alleges that CSP staff interfered with his medical care when they failed to notify him for weeks that he had been issued a chrono for a lower bunk and for bed rest, causing him to suffer pain and discomfort.  This claim fails because Plaintiff has not alleged facts showing that any individual staff member knew about the chrono and deliberately failed to notify Plaintiff, while knowing of and disregarding a risk of serious harm to Plaintiff. Moreover, as stated above, Plaintiff has not shown that the lower bunk was indeed a serious medical need, subject to Eighth Amendment protections.

Based on the foregoing, Plaintiff fails to state an Eighth Amendment medical claim against Defendants Savage, Aye, or the CSP staff.

### E.   __Injunctive Relief__

In addition to money damages, Plaintiff seeks injunctive relief via a court order requiring defendants to refer him to an outside doctor for further x-rays of his foot.  Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights.  Moreover, Plaintiff's requests are almost certainly moot at this point, over two years after the injury.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under § 1983.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."  This Court does not believe that additional facts exist that would cure the deficiencies in this Complaint, for the reasons discussed in this order.  Nevertheless, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file an amended complaint within thirty days.

The amended complaint must allege constitutional violations under the law as discussed above.  Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no *respondeat*

*superior* liability, and each defendant is only liable for his or her own misconduct.  <u>Iqbal</u>, 556 U.S. at 676.  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights by acting with deliberate indifference to Plaintiff's health or safety, which is sufficiently serious.  <u>Jones</u>, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff has not been granted leave to add allegations of events occurring or claims arising after September 22, 2014, the date the original Complaint was filed.

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.    Plaintiff's Complaint, filed on September 22, 2014, is DISMISSED for failure to state a claim under § 1983, with leave to amend;

2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.    Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

4.    If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:14-cv-01478-EPG-PC; and

///

///

12

5.      If Plaintiff fails to file an amended complaint within the time specified, this action will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **October 26, 2015**                         /s/ *Erica P. Grosj*

UNITED STATES MAGISTRATE JUDGE