UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC L. DANIELS,<br><br>      Plaintiff,<br><br>   vs.<br><br>B. SAVAGE, et al.,<br><br>      Defendants. | 1:14-cv-01478-EPG-PC<br><br>SCREENING ORDER<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(ECF No. 8.)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

## I.     BACKGROUND

Cedric L. Daniels ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 22, 2014, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On October 27, 2015, this Court issued an order dismissing the complaint for failure to state a claim with leave to amend. (ECF No. 7). Plaintiff filed a First Amended Complaint ("FAC") on December 2, 2015, which is now before this Court for screening. (ECF No. 8)

On October 3, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of

1 California, the undersigned shall conduct any and all proceedings in the case until such time as
2 reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

The events at issue in the Complaint occurred at Corcoran State Prison (CSP) in Corcoran, California, where Plaintiff is presently incarcerated. Plaintiff names as defendants B.

2

Savage (RN), Dr. Khin Aye, and Doe Defendant (A-Yard tower worker), (collectively "Defendants"). Defendants were all employed by the California Department of Corrections and Rehabilitation (CDCR) at CSP at the time of the events at issue. Plaintiff's factual allegations follow.

On May 6, 2013, a direct order was given over the public address system by Defendant John Doe, the control tower officer on the recreational yard at CSP, to clear the path for an escort of an administrative segregation inmate. Plaintiff attempted to follow this instruction. Defendant John Doe specifically commanded Plaintiff to "take it out to the middle of the field now." As Plaintiff followed this order, he slipped into a 2 foot wide by 3 foot wide hole, containing a water sprinkler. The hole was concealed by over-grown grass/weeds. Plaintiff slipped into this hole and twisted his right ankle, causing serious pain and immediate swelling.

Plaintiff then went to the RN clinic for treatment. The duty nurse, Defendant Savage, ordered x-rays of Plaintiff's ankle. The x-ray revealed no broken bones or fractures. Defendant Savage denied Plaintiff's requested pain medication. Instead, Defendant Savage gave Plaintiff ibupropren for the inflammation as well as a set of crutches.

Plaintiff requested a lower bunk chrono, so he did not have to get on the upper bunk to sleep, and also asked for a medical bed-rest chrono so he did not have to travel across the yard to the kitchen facility. Defendant Savage denied those requests. Defendant Savage explained that only a doctor can prescribe the level of pain medication Plaintiff needs but that there was no doctor on the yard to do so, so Plaintiff would just have to deal with the pain until a doctor could come.

Plaintiff had another consultation with Defendant Savage at a later time. Defendant Savage observed Plaintiff's conditions worsening. Defendant Savage called a doctor and ordered more x-rays. Seven days after the initial injury, the referred doctor prescribed Plaintiff pain reliever in the form of Tylenol with codeine twice a day for 14 days. Defendant Savage continued to turn down Plaintiff's request for a lower bunk chrono and bed-rest order.

During a visit with Defendant Dr. Aye, Defendant Aye concluded that Plaintiff needed to keep the crutches for at least another two weeks. Plaintiff requested a lower bunk chrono

from Defendant Aye.  Defendant Aye responded "Yeah, you probably do need to get chronos but Corcoran doesn't have enough lower bunks available to accommodate every inmate that needs if they all were to ask, so no."  Defendant Aye denied the lower bunk chrono request.

Plaintiff filed a 602 grievance.  Defendants Savage and Aye stopped all treatments or any inquiring into possible improvements.  Plaintiff's crutches were taken away.

On June 11, 2013, the housing unit floor staff approached Plaintiff.  They indicated that Plaintiff had a chrono issued to move cells, effective as of May 26, 2013.  The officers explained that the two week delay in honoring Plaintiff's lower bunk chrono was due to staffing.  There was an institutional audit coming up and the staff was instructed to review all of the inmate bed charts and medical chronos and make sure all required conditions or medical accommodations were being imposed.  He didn't know why Plaintiff wasn't moved earlier because the officers working in the building had been notified to make adjustments "as quickly as possible."  Plaintiff had not been given the gold copy of the chrono, against policy.  If Plaintiff had known of the chrono earlier, he could have notified his housing unit officers.

Plaintiff brings the following claims: (1) Eighth Amendment violation by John Doe for giving an order on the recreational yard when he knew or should have known that it would cause Plaintiff's injuries; (2) Eighth Amendment violation by Defendant Savage for failing to contact a doctor immediately and giving inadequate treatment for seven days; and (3) Eighth Amendment violation against Defendant Aye for denying a lower bunk chrono and failing to give Plaintiff a gold copy of the eventual chrono, thus delaying his medical accommodation.

### IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, at 834. The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Id. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that an unnamed Doe Defendan commanded Plaintiff to go to the middle of the field, which led to him stepping on a concealed sprinkler hole and injuring his ankle. However, Plaintiff has not alleged facts sufficient to support a claim that the Doe Defendant acted with deliberate indifference to a substantial risk of serious harm to Plaintiff. Plaintiff has not alleged facts showing that the Doe Defendant was aware there was a concealed sprinkler hole that would risk serious harm to Plaintiff if he walked across the grassy area. Nor do Plaintiff's allegations indicate any deliberate disregard of Plaintiff's safety by telling

Plaintiff to cross the field. Instead, Plaintiff's allegations indicate that the order was given in order to allow an administrative segregation inmate to be transported. Therefore, Plaintiff fails to state a claim against the unnamed Doe Defendant for failure to protect Plaintiff under the Eighth Amendment.

Plaintiff also claims that Ms. B. Savage and Dr. Aye violated his Eighth Amendment rights by failing to provide adequate medical care and accommodations. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

As discussed above, "[d]eliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that defendants RN B. Savage and Dr. Khin Aye failed to provide him with adequate medical care. Taking the allegations in the Complaint as true, it appears this lack of medical care and accommodations amounts to (1) receiving over the counter Ibuprofen rather than Tylenol with Codeine for seven days; and (2) failing to provide a lower bunk for a temporary period. Notably, both the pain medication and lower bunk accommodation were eventually provided. The question is whether these temporary deprivations constituted cruel and unusual punishment under the Eighth Amendment. This Court finds that the alleged deprivations of stronger pain medication and lower bunks for a limited period are not sufficiently serious to give rise to a constitutional violation.

Moreover, regarding Ms. Savage, Plaintiff alleges that Savage provided Plaintiff with Ibuprofen for his pain after examining Plaintiff's bruised and swollen ankle and taking x-rays which showed that the ankle was not broken. A few days later, when Plaintiff presented with more extensive bruising and swelling of his ankle, Savage called a doctor to request additional examination. Plaintiff has not alleged facts indicating that Savage chose this course in conscious disregard of an excessive risk to Plaintiff's health. At most, Plaintiff states a claim for negligence or medical malpractice, which is insufficient to state a constitutional violation under the Eighth Amendment. Toguchi, 391 F.3d at 1060.

Additionally, Plaintiff alleges that Defendant Aye interfered with his medical care when they failed to notify him for weeks that he had been issued a chrono for a lower bunk and for bed rest, causing him to suffer pain and discomfort. Plaintiff does not allege how Defendant Aye is responsible for this delay. This claim fails because Plaintiff has not alleged facts showing that Defendant Aye knew about the chrono and deliberately failed to notify Plaintiff,

while knowing of and disregarding a risk of serious harm to Plaintiff.

Based on the foregoing, Plaintiff fails to state an Eighth Amendment medical claim against Defendants Savage and Aye.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez, 203 F.3d at 1127.

Based on the foregoing, THE COURT HEREBY ORDERS that:

1. This action is dismissed, with prejudice, for Plaintiff's failure to state a claim upon which relief may be granted;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 14, 2016**            /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE